## F. T. BURKE *v.* WELLS, FARGO & CO.

EVIDENCE IN ACTION TO RECOVER REWARD.—In an action brought to recover a reward which had been offered by the defendants for the arrest and conviction of the person guilty of a robbery, the record of the conviction of a person for the robbery is admissible in evidence to show a conviction, but not admissible to show that the person convicted was the robber.

LIABILITY FOR REWARD OFFERED.—If a reward is offered for the arrest and con-

viction of a robber, and an arrest is made and conviction had, and the reward paid, and it turns out that the person arrested was not the robber, it is doubtful whether the persons offering the reward are liable for the subsequent arrest and conviction of the real robber.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The defendants were a joint stock association composed of several persons doing an express business in the State of California. They transported treasure in small safes on the stages. On the 17th day of November, 1863, the stage was stopped near Fiddletown, El Dorado County, and their safe broken open and robbed of two thousand and thirty-five dollars. They then published throughout the State the following notice and offer of reward :

## " $2,000 REWARD.

" On yesterday morning, November 17th, one mile this side of Fiddletown, our express safe on the stage was broken up, and we were robbed of two thousand and thirty-five dollars. For the arrest and conviction of the robbers and the recovery of the money, we will pay two thousand dollars, or one thousand dollars for the arrest and conviction of the robbers, and one thousand dollars for the recovery of the money.

" WELLS, FARGO & Co.

" SAN FRANCISCO, Nov. 18th, 1863."

The plaintiff and one Deal, who were police officers in Sacramento on the 1st of February, 1864, arrested one Driscoll as one of the robbers. He was soon after indicted for the robbery, and on the 23d day of May, 1864, pleaded guilty, and was convicted and sentenced. After the arrest of Driscoll the plaintiff also arrested one McCullum as one of the robbers, but before the trial he died. Deal assigned his interest in the reward claimed to plaintiff, who brought this action to recover the same. Before the trial, the plain-

tiff released any claim he might have (to wit, five ▮▮▮▮ red dollars,) for the arrest of McCullum. The plaintiff, on the trial, offered in evidence the record of the conviction of Driscoll for the robbery, to which defendants objected. The Court overruled the objection, and defendants excepted. The plaintiff recovered judgment and defendants appealed.

The other facts are stated in the opinion of the Court.

*H. H. Hartley*, for Appellants.

*Coffroth & Spaulding*, for Respondent.

By the Court, SAWYER, J.:

We think the Court erred in admitting in evidence the statements of Driscoll, made in the County Court, at the time he pleaded guilty to the indictment. Driscoll's declaration cannot be evidence against Wells, Fargo & Co. To entitle plaintiff to the reward offered, it was necessary to show that Driscoll was the robber, and that he was convicted of the robbery. The record is evidence to show the conviction, but, as against defendants, not to show that Driscoll was the robber. Wells, Fargo & Co. are not parties to the record, nor do they stand in privity with parties to the record. Driscoll, by pleading guilty, or making an ineffectual defence, could not affect the rights of Wells, Fargo & Co. He might plead guilty, or be convicted, even when innocent. This very case affords a striking illustration of this fact. It appears by the evidence, that one George Taylor had been arrested, convicted in Amador County, and sent to the Penitentiary for seven years, for the same offence, and that upon such conviction, and before the arrest of Driscoll, Wells, Fargo & Co. had paid the whole reward offered, to one J. Myers, through whose instrumentality the arrest was made, and the conviction obtained. It, also, appeared from the confession of Driscoll in the County Court, in evidence, that Taylor had nothing whatever to do with the robbery. It

furppeared that Taylor was thereupon pardoned by the vernor. Who knows that Driscoll's statements are not false? At all events, they are no evidence against Wells, Fargo & Co., and it is necessary, in order to charge them, that the fact be proved that Driscoll was the robber, as well as the fact, that he was convicted of the robbery. As Taylor had been convicted, and Wells, Fargo & Co., after being satisfied that he was the robber, had paid over the promised reward before the detection and arrest of Driscoll, it may be a question whether the offer of the reward was still open to other parties who might choose to pursue the matter further. If so, when would Wells, Fargo & Co.'s liability cease, after having once offered a reward? But this question has not been argued, and it is unnecessary to determine the question now.

The judgment and order denying a new trial must be reversed and a new trial had; and it is so ordered.