[Civ. No. 7390. Second Appellate District, Division One.—July 26, 1932.]

JOSEPH O'BRIEN, Respondent, v. R. W. EDENS, Appellant.

George H. Moore for Appellant.

Russell H. Pray for Respondent.

CONREY, P. J.—Action to recover damages for personal injuries received by reason of alleged negligence of the defendant. Judgment was entered in accordance with a verdict for the plaintiff in the sum of $10,000. Defendant appeals from the judgment.

While appellant and respondent were returning from Los Angeles to Long Beach in a Cadillac automobile driven and operated by appellant, mechanical trouble developed in the car. Edens drove the car to the side of the road and asked O'Brien to go to a service station, which was about two hundred yards away, and get a mechanic to repair the car. After examining the automobile, the mechanic stated that he could do nothing there and desired to know if the car could be driven back to the service station. According to the testimony of appellant, he said to the respondent, "The traffic is very thick here on the street at this time of night,

and I am afraid to turn around, I am afraid I will kill my engine, but if you will flag the traffic behind me I can safely back up to this garage." (Supp., fol. 552.) Respondent accordingly walked around the car to the rear thereof, and had gone a distance of some five or ten feet when the car, driven by appellant, struck and ran over respondent. Respondent suffered a comminuted fracture of the right leg, contusions above the left eye, a sprain of the left leg and numerous cuts and bruises.

Appellant cites as his first ground for reversal, that "the court erred in repeating some eight times the same proposition concerning the right of the plaintiff to recover damages; and the measure is incorrectly stated". From an examination of the instructions referred to and the instructions taken as a whole we find no merit in appellant's contention. These criticised instructions related to the measure of damages to be awarded in the event of a verdict in favor of the plaintiff. It may be conceded that the instructions on this subject might have been reduced in number without loss of clarity, but the instructions upon other phases of the case must have made it entirely clear to the jury that the court was not expressing any opinion to the effect that the plaintiff was entitled to a verdict in his favor. The fact that an unnecessarily large number of instructions were given on the subject is not of itself a ground for reversal of the judgment. (*Bergen* v. *Tulare County Power Co.*, 173 Cal. 709, 721 [161 Pac. 269].)

With regard to the same instructions above mentioned, appellant contends that the instructions were erroneous in that, with respect to future conditions, they did not limit the jury to considering "only such damages as are reasonably certain to be suffered in the future". The rule governing this matter is stated in section 3283 of the Civil Code. "Damages may be awarded, in a judicial proceeding, for detriment resulting after the commencement thereof, or certain to result in the future." There are several instructions on this subject, and in some of them the court did not use the customary language found in the quoted section of the Civil Code. For instance, the court in one of the instructions advised the jury that they should take into consideration "such prospective suffering and loss of health, if any, as the jury may believe, from all the

evidence before them in this case, he has sustained, or will sustain by reason of such injuries''. But in another instruction the court said: ''If you find for the plaintiff, and it appears from the evidence with reasonable certainty that plaintiff's physical condition will be impaired in the future by reason of said accident, or that plaintiff will suffer inconvenience or loss therefrom, it is your duty to award such sum as will, in your opinion, compensate him therefor.'' Reading the instructions in connection with each other, they correctly declare the rule of certainty which must be the basis of damages for detriment resulting in the future. A trial court is not required to state all of the law applicable to the case, in a single instruction. (*Peak* v. *Key System Transit Co.*, 88 Cal. App. 354, 365 [263 Pac. 578].)

In his first assignment of error appellant also states that the verdict is excessive in amount. The injuries received by the plaintiff included a broken leg, and other injuries hereinabove mentioned, and he suffered great pain during several months of confinement in the hospital. The award was not so large, in comparison with the damages, as to justify this court in declaring that the verdict was controlled by passion or prejudice.

Appellant urges in his second point for reversal that ''the court erred in quoting in substance certain sections of the Motor Vehicle Act not applicable to plaintiff and defendant''. The reading of said quoted sections of the California Vehicle Act, in connection with the other instructions given, could not have misled the jury upon either the facts or law of this case. (See Supp. to App. Brief, fols. 674, 683, 691, 693, being instructions identified as p. 8, p. 18, p. 24 and p. 27.)

In addition to defendant's denial of his own negligence, and his plea charging contributory negligence of the plaintiff, the defendant attempted to make the further defense that plaintiff and defendant were engaged in a joint business and in a joint undertaking in making the trip between Los Angeles and Long Beach during which this accident occurred, and that plaintiff and defendant, with a mechanic, were engaged in a joint endeavor to get the car to the garage for repairs so that plaintiff in particular could get back to the restaurant in which plaintiff and defendant were jointly interested, in order that plaintiff might

attend to the evening's business in that restaurant. Evidence having been introduced in support of this defense, defendant requested the court to give to the jury certain instructions declaring and applying to the facts of this case the rule of law, in substance to the effect that if the jury found that both plaintiff and defendant were jointly engaged and acting together in accomplishing the movement of the automobile and were engaged in a joint and common enterprise, then that the negligence, if any, of the defendant must be imputed to the plaintiff, "and if you find that there was such a joint undertaking your verdict must be for the defendant". It is now contended by appellant that the court erred in refusing to give to the jury the instructions proposed by him dealing with this particular defense. Two decisions are cited by appellant as authority on this question. In *Callahan* v. *Harm*, 98 Cal. App. 568, 577, [277 Pac. 529], the rule of imputed negligence in connection with the joint prosecution of a common purpose was stated and approved, but was held not applicable to that case, inasmuch as the plaintiff's authority with respect to control of the agencies employed did not include any right to direct the movements of the person who was operating the machine. In *Bryant* v. *Pacific Electric Ry. Co.*, 174 Cal. 737, 742 [164 Pac. 385, 387], the court declared its approval of the rule or principle of imputed negligence in accordance with an Illinois decision, as follows: "There can be no such thing as imputable negligence, except in those cases where such a relation exists as that of master and servant or of principal and agent. In order that the negligence of one person may be properly imputed to another they must stand in such relation of privity that the maxim *qui facit per alium facit per se* directly applies."

The principal instruction on this matter, which appellant contends that the court erred in refusing to give to the jury, reads as follows: "If you believe from the evidence in this case, that plaintiff and defendant were at the time of and prior to the accident involved herein engaged in a business or undertaking in which both of them were interested, and if you believe both of them had a controlling voice and authority in the undertaking and business, and if you believe that after trouble with the automobile developed, they were both jointly engaged in an effort to have the automobile

repaired or moved to a place where it could be repaired and both of them were acting together in accomplishing this movement of the automobile, then I instruct you that for that purpose they were engaged in a joint and common enterprise and undertaking, and if you find that they were so engaged then the negligence, if any, of the defendant, is imputed to the plaintiff and likewise the negligence, if any, of the plaintiff, is imputed to the defendant, and if you find that there was such a joint undertaking, then your verdict must be for the defendant.''

We find that this would be an erroneous instruction. In no case to which the attention of this court has been directed in which has been considered the question of liability for a negligent act resulting in injury, committed by one individual as against another or others, all of whom are engaged in a common or joint enterprise, has it been held that because of such relationship of the several parties one toward the other or others, an immunity from liability exists for the commission of such tortious act.  ▮  To the contrary, although the authorities by no means are numerous, such as are available indicate that ''the doctrine of joint enterprise . . . has no application to actions brought by one joint adventurer against another to recover for injuries due to the latter's negligence'' (45 Cor. Jur. 1021, and authorities there cited); and with the rule thus announced this court is in accord.

But even considering the existence of a principle of law in harmony with that for which appellant contends, as disclosed by the record herein, the facts which surrounded the happening of the accident in question were such as to preclude the proper application of any such rule. It may be conceded that there was evidence showing that plaintiff and defendant were partners in the restaurant business, and were both interested in an early completion of their journey so that plaintiff could resume his work in the restaurant; that by reason of this joint interest they were co-operating in an endeavor to move the automobile to the service station; that the plaintiff had gone to the rear of the automobile in order to be in a position ''where he could flag the traffic''; that is to say, warn people to keep out of the way of defendant's automobile. But such business of flagging the

traffic had nothing to do with the operation of the automobile, which was left entirely in the hands of the defendant.

The judgment is affirmed.

Houser, J., and York, J., concurred.