[Civ. No. 4915. Third Appellate District.—November 28, 1933.]

WILLIE BURBANK et al., Respondents, v. J. M. McINTYRE, Appellant.

Ray W. Hays, Laurence B. Myers and Arthur Drew for Appellant.

Barcroft & Barcroft for Respondents.

PULLEN, P. J.—Plaintiff, Willie Burbank, accompanied by his wife, Julia J. Burbank, also a plaintiff herein, was driving an automobile in a northerly direction upon the Golden State highway and when near the town of Berenda, another automobile also proceeding northerly, passed, and in avoiding an oncoming truck the passing car alleged to have been operated by defendant, swerved toward the right and came in such close proximity with the car of plaintiffs that some portion thereof struck the left front hub cap of plaintiffs' car, causing that car to swing sharply to the left. The passing car did not stop, but sped on. Plaintiffs pursued and were able to get the license number of the fleeing car, whereupon plaintiffs returned and gave the number to a state traffic officer.

It was contended by plaintiffs that the sudden swerving of the car caused plaintiff Julia J. Burbank to be thrown against the side and door of their automobile, as a result

of which "the ligaments or tendons leading along the back and the right side of her neck were broken loose from their fastenings on her shoulder", for which injuries plaintiffs were awarded $8,000 by a jury.

■ Defendant, appellant herein, maintains that the evidence is insufficient to show any ailment suffered by plaintiff Julia J. Burbank was a direct or proximate result of any injuries received in the accident narrated.

Various medical men testified for both plaintiffs and defendant, differing considerably in their opinions. It is not necessary to discuss their testimony, but it is quite clear that after the accident plaintiff Julia J. Burbank suffered severe pain in her neck and shoulder, and that she was unable to control her head movements naturally and was compelled to support her head by artificial or mechanical means in order to ease the pain from which she was suffering. In view of this conflict in the testimony, as well as the direct testimony of Dr. Dearborn as to the nature and extent of the injury to the muscles of the neck, we cannot say that the jury were not justified in finding that the injuries received by plaintiff were the result of the accident, and were permanent in character.

The second point urged by defendant for reversal is that the trial court erred in permitting plaintiffs to show the arrest of the defendant on a charge of reckless driving and the various subsequent court proceedings taken. In his opening statement counsel for plaintiffs stated to the jury that Mr. Burbank obtained the license number of the car that struck them "and Mr. Burbank went to the Justice of the Peace in the Second Township in the County of Madera, State of California, which is the township in which the accident occurred, and procured a John Doe warrant . . . ", to which counsel for defendant objected and asked for a mistrial. The court replied, "Well, the jury will be instructed to disregard the statement of counsel and remember it is not evidence in the case." Whereupon counsel for plaintiffs said, "Is the court going to hold at this time that we are not allowed to introduce the record of the conviction of Mr.—" (Mr. Hays interrupting): "We ask again your Honor, that a mistrial be declared." The court: "Well, the court will deny the motion with the instruction to the jury that they are to disregard the statement of

counsel and they will be further instructed that any statement of counsel on either side is not evidence in the case and is not to be so considered by them."

During the course of the trial L. A. Shirley, a justice of the peace, was called by plaintiffs, and in answer to a question on direct examination, said, " . . . and I arraigned him as is always done and advised him of his constitutional rights and inquired into the matter and told him that he had the privilege of pleading either guilty or not guilty and he hesitated as to whether he should do—" Mr. Hays: "We object to that your Honor, as being incompetent, irrelevant and immaterial and ask it be stricken out and the witness be instructed to relate the conversation." Court: "Very well, just relate the conversation." The witness then testified as to what the defendant said to him at that time, whereupon the court said, "Well, you cannot anyway go into all of this. I see what counsel is after. You cannot go back of that judgment." Thereupon counsel for plaintiffs asked "that" be stricken out, which was granted, and then asked that the court admonish the jury to disregard any testimony that had been stricken out. As to that request no action was taken. Just what was meant by court and counsel in "that" is not definite nor certain. We cannot tell whether counsel referred to the preceding answer only or to the entire line of the examination dealing with the subject of the arrest and subsequent steps taken.

Officer Olivas of the state patrol was also called by plaintiffs and over objection was interrogated as to the arrest of defendant, the place of trial, and that a warrant was issued returnable before the justice's court and that the defendant was required to answer a charge filed against him.

We have set forth the foregoing from the record upon this point to show the general line of testimony attempted to be adduced by plaintiffs. Considerably more along similar lines was received, but without objection.

■ It is a general rule that a judgment in a criminal prosecution may not be received in a civil action to establish the truth of the facts in which it was rendered, but an exception thereto is recognized where the defendant has

entered a plea of guilty, such record then being admitted not as a judgment establishing the fact, but as an admission against interest. (*Langensand* v. *Obert,* 129 Cal. App. 214 [18 Pac. (2d) 725], and cases there cited; *People* v. *Luzovich,* 127 Cal. App. 465 [16 Pac. (2d) 144]; *Rowe* v. *Such,* 134 Cal. 573 [66 Pac. 862, 67 Pac. 760]; *Olsen* v. *Meachem,* 129 Cal. App. 670 [19 Pac. (2d) 527].)

In the instant case the record before us is silent as to what plea was entered by defendant. It does not appear whether defendant entered a plea of guilty or whether he pleaded not guilty. There could be no objection to the statements made by the defendant to a justice of the peace as statements against interest, but here the emphasis seemed to be laid upon the charge and arrest for reckless driving rather than upon the statements of defendant. We are convinced that counsel exceeded his legal limits and in the face of objection and contrary to the warning of the court, brought before the jury the proceedings of the justice's court, narrating the issuance of the warrant, the arrest and arraignment, and intimation of conviction of the defendant, which undoubtedly had the effect of influencing the feelings of the jury against one who appeared to be a self-admitted "hit-and-run" driver.

We believe the general admonition of the court to the jury to disregard the statements of counsel and the testimony stricken out cannot offset the damaging effect of its erroneous admission, or its prejudicial effect upon the jury.

A third specification of error is that the court erred in admitting hearsay evidence to show ownership by defendant of the passing automobile alleged to have collided with plaintiffs' car.

It will be remembered that plaintiff testified that he was able to obtain the license number of the offending car. This number he gave to officer Olivas, who was called by plaintiffs at the trial and over objection was permitted to testify that he had telephoned the motor vehicle department at Sacramento, and learned that the car bearing the license number given belonged to J. M. McIntyre of Coalinga. This was the only evidence attempted to be offered to show ownership of the offending car. No attempt was made to produce the records from the office of the

motor vehicle department. This testimony was clearly hearsay and the objection thereto should have been sustained.

Defendant's last point is that the court erred in compelling him to submit to a trial by jury. Five or six days prior to the day set for trial, counsel for defendant inquired of the clerk of the court as to whether jury fees had been deposited, and he was by the clerk informed that no deposit had as yet been made. Relying upon that, counsel claims he made no preparation to present his case to a jury and when required by the court to proceed before a jury that he was at a great disadvantage by reason thereof. Section 631 of the Code of Civil Procedure provides that, "A trial by jury may be waived by the several parties to an issue of fact in the manner following: 5. By failing to deposit with the Clerk 10 days prior to the date for trial a sum equal to the amount of one day's jury fees payable under the law." This provision is by its terms not an absolute waiver and is clearly enacted for the benefit of the court to aid in the orderly conduct of the trial.

In the case of *Harmon* v. *Hopkins*, 116 Cal. App. 184 [2 Pac. (2d) 540], the court said:

"One important purpose of the provision is to make certain that there will be time to call the jury after the deposits of jury fees have been made and that the jury fee will be available when required. Such a provision is necessary to enable the court to conduct its business without delay and in an orderly manner."

Plaintiffs did comply with a court rule or custom permitting the deposit of such fees five days prior to trial, and the court being satisfied with such an arrangement we cannot see how defendant may complain.

The record discloses also that at the setting of the cause a jury was demanded by plaintiffs, which was of itself some notice to defendant that the issue might be submitted to a jury; also a continuance was requested by defendant and granted by the court at the conclusion of the taking of the testimony in order that defendant might prepare such instructions as he wished to submit upon the law of the case. We find no abuse of discretion nor injury sustained by defendant by the ruling.

Upon consideration of the entire case, however, we believe the objections heretofore discussed might have the effect

of, and did influence the jury in their determination of the issues involved.

The judgment is reversed.

Thompson, J., and Plummer, J., concurred.