[Civ. No. 10803. Second Appellate District, Division Two.—May 29, 1936.]

FRED P. CLYDE, Appellant, v. CARRIE M. MITCHELL et al., Respondents.

M. B. Butler for Appellant.

A. G. Allen, Paul W. Davis and LeRoy Anderson for Respondents.

GOULD, J., *pro tem.*—Plaintiff and another roofing contractor were called to examine the roof of an old two-story residence in an effort to locate a leak. While leaning against a guard rail enclosing a second-story porch the rail gave way and the two men were precipitated to the cement pavement fifteen feet below. Plaintiff brought this action to recover damages for the injuries he suffered. His suit was directed against defendant Mitchell as owner of the property, defendants Hampton as tenants, defendant MacLaughlin Company as agent of the owner, and defendant Chaffin as the employee of the owner's agent, who summoned him to do the work. At the conclusion of trial the court granted motions for nonsuit as to all defendants, and from the resultant judgment plaintiff appeals.

The court properly ruled that appellant had not made out a case entitling him to recover. Interpreting the evidence most strongly in favor of appellant and against respondents, as we must (*Hoff* v. *Los Angeles Pacific Co.*, 158 Cal. 596 [112 Pac. 53]), it is apparent that he can maintain no cause of action against respondents or any of them upon the showing which he made. At the time of the accident appellant was fifty-two years of age, had been engaged for seventeen years in work upon roofs and about buildings, and his co-worker was a man equally experienced. It is significant that although the two men tested another section of the guard rail before they trusted it for the purpose of climbing upon it to a higher elevation, they approached the section where the accident happened without any precaution, both leaned against it "off balance" and thus caused it to collapse. The building was old, its condition was apparent and the event occurred in broad daylight. To reach the same point of inspection they might have used ladders which they had at the very time in their automobiles on the premises. While the owner or occupant of premises is bound to use ordinary care for the protection of an invitee, it is stated in *Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 Pac. 793], that such owner is entitled to assume that the invitee "will perceive that which would be obvious to him upon the ordinary use of

his own senses. . . . [The owner] is not required to give to the invitee notice or warning of an obvious danger."

Moreover, it is manifest that appellant and his co-worker were subjecting the guard rail to an unintended use when they used it to protect their combined weight while leaning out in search for the leak. In a similar case, *DeMotte* v. *Arkell*, 77 Cal. App. 610 [247 Pac. 254], the court, holding that nonsuit should have been granted, used this language: "Irrespective of the actual pressure exerted against the railing, it is clear that the guard rail was not intended to be used for leaning against, nor was the platform or balcony erected as a place to be used for lounging or social purposes. Where it is shown that a back porch or balcony is being used for the purpose for which the same was erected, then the stress or pressure brought against a guard rail, as to whether it was reasonable or unreasonable or any greater than should have been anticipated, becomes purely a question for the jury . . . The facts appearing in the transcript, in view of the law which we have cited, show that the defendant's motion for a nonsuit in this case should have been granted."

Holding, as indicated above, that appellant subjected the guard rail to an unintended use and that for that reason, if for no other, he cannot recover, it becomes unnecessary to pass upon the degree of responsibility to an invitee upon leased premises of an owner, agent, tenant and agent's employee, respectively, to which points a major portion of the briefs herein is directed.

Judgment affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 27, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 27, 1936.