[Civ. No. 11055. First Appellate District, Division Two.—July 18, 1940.]

DAVID OSROWITZ, Respondent, v. MARKET INVESTMENT COMPANY (a Corporation) et al., Appellants.

M. Mitchell Bourquin for Appellants.

Jesse H. Miller and Eugene H. O'Donnell for Respondent.

STURTEVANT, J.—The plaintiff sued to recover damages for injuries sustained in falling through an open freight elevator shaft on the sidewalk in front of the premises owned and operated by the defendants. He recovered a judgment in the sum of $8,500. The defendants have appealed.

The accident happened at about 3:45 o'clock P. M. on January 20, 1938, a very sunny day, in front of the premises known as 739 Market Street. That street runs east and west. A double set of street car tracks are located therein. Grant Avenue extends from the north and terminates in Market Street. Commencing with practically the east line of Grant Avenue extended, a pedestrian lane extends across Market Street. At a point approximately 15 feet west from that lane is the median line of the premises known as No. 739. In the sidewalk in front of those premises, is located a freight elevator. It is covered with two swinging doors and it is about 2 feet from the outer edge of the curb to the side of the elevator. The shaft measures from east to west 5½ feet and from north to south 6 feet. The doors open half and half from east to west. When open each door stands up 33 inches. At the time of the accident the doors were raised and the upper corners were hooked on the south side by an iron bar, with its ends turned down and inserted in eyes attached to the opposite doors. A similar attachment was provided on the north side.

The plaintiff, a man about seventy years of age, had come down the east side of Grant Avenue and observing that the traffic signals were set to ''Go'' he proceeded to cross Market

Street. When he had reached the most southerly rail on Market Street he turned his head toward the right and noticed the traffic was starting to move east and west. He increased his speed a trifle and continued forward. As he did so he observed an automobile approaching him from the right. He testified he continued to keep his eye on that automobile. When he was about 9 feet from the curb he swerved to his right, stepping outside of the traffic lane and walking diagonally toward the curb. As he stepped upon the curb, according to his testimony, the automobile was only 6 or 7 feet away from him. The automobile had come down Market Street approximately one foot out from the curb. The course that the plaintiff had taken led him to about the middle of the bar connecting the sides of the elevator doors. As he stepped upon the sidewalk he was continuing the same accelerated speed and was also continuing to watch the approaching automobile. Almost instantly after he stepped upon the sidewalk he hit the iron bar on the north, it gave way, and the plaintiff plunged into the shaft. The plaintiff testified he did not step out of the traffic lane but about a foot and that he did so for the purpose of taking a shorter course to the Grant Market, the point of his destination, and that it was a quicker and shorter way to go.

█ The defendants contend the plaintiff was guilty of contributory negligence as a matter of law. They quote much of the testimony which we have set forth and assert that in crossing Market Street, as testified to by the plaintiff, he violated section 562 of the California Vehicle Code. (*Chase v. Thomas,* 7 Cal. App. (2d) 440 [46 Pac. (2d) 200].) The vice in that contention is that no traffic accident occurred. The accident complained of occurred on the sidewalk. █ Whether the plaintiff was guilty of contributory negligence was a question of fact to be determined by the jury and not a question of law to be determined by the court. From the time that the plaintiff stepped on to the sidewalk he violated no rule of law. Whether he exercised ordinary care under all of the circumstances was therefore solely a question of fact. That the story as above stated presents a peculiar set of facts we think must be conceded. Moreover, we think it is quite clear that on a sidewalk a pedestrian is not bound at all times and under all circumstances to be looking directly ahead.

█ The defendants offered in evidence, and the trial court refused to receive, section 10 of article III of ordinance No. 7691. The ordinance is addressed solely to traffic regulations. If the accident in question had occurred in the street the offer would have had merit. However, the accident occurred on the sidewalk. Whether it occurred two feet from the edge of the sidewalk or a much greater distance is merely a matter of degree. But the defendants have not called to our attention any part of the ordinance which is pertinent to a regulation of the use of the sidewalk.

█ The defendants next contend their open sidewalk elevator shaft was not a proximate cause of plaintiff's injuries and that the proximate cause of his injuries was his own negligence. That contention is to usurp the function of the jury. It must be borne in mind at all times that it was the claim of the plaintiff that the defendants had been guilty of two acts of negligence. One act was that the ends of the bars were so constructed they did not efficiently lock the sides of the doors. The other act of negligence was that the defendants had not placed across the ends of the open doors side screens as required by order 332–L of the Industrial Accident Commission. Comparing the foregoing facts one with another it will be noted at once that the evidence contained material elements which it became necessary for the jury to consider in determining each of the contentions stated immediately above as made by the defendants. Under these circumstances it is obvious that if the jury believed the story told by the plaintiff the jury was entitled to find in his favor and against the defendants. █ But the defendants assert that the plaintiff subjected the iron bar to a weight it was never designed to carry. (*Clyde* v. *Mitchell*, 14 Cal. App. (2d) 365 [58 Pac. (2d) 205].) That authority is not applicable to the facts in the case before us. It involved a negligent strain on a railing erected around the outer border of an elevated porch. Here the guard was placed and required to protect one from falling into a pit, which, in the absence of the guard, would have constituted a nuisance *per se*.

In support of the two points we have just discussed the defendants cite *Blodgett* v. *B. H. Dyas Co.*, 4 Cal. (2d) 511 [50 Pac. (2d) 801]. It is not helpful. It involved an accident on the premises of the defendant five feet inside of the

property line and not on the sidewalk. It did not involve the law applicable to the use of sidewalks, but it involved the law regarding the care the owner of premises owes to an invitee to keep his premises in a reasonably safe condition and the care such invitee should exercise in visiting said premises.

The defendant lessees had sublet a part of the premises to a subtenant who was also named as a defendant. The jury returned a verdict in favor of the subtenant. These defendants contend such verdict exonerated them. We find no merit in the contention. All were charged as joint tort-feasors. The evidence does not disclose that the relation of *respondeat superior* existed between these defendants and the subtenant. (*Doremus* v. *Root*, 23 Wash. 710 [63 Pac. 572, 54 L. R. A. 649]; *Bradley* v. *Rosenthal*, 154 Cal. 420 [97 Pac. 875, 129 Am. St. Rep. 171].)

In their next point the defendants contend the trial court erred in permitting the plaintiff to show that the bars were replaced after the accident by other bars. The first reply is that the trial court did not do so. As shown above, the plaintiff contended the shaft was not properly protected because the bars were not effectively attached to the doors. To prove that contention he sought to introduce the bars in evidence. It then transpired such evidence was not available because the old bars had been discarded and new bars had been substituted. Where, as here, certain facts are admissible in evidence, they should not be excluded because they are objectionable for other and different reasons. (*Cooney* v. *Glynn*, 157 Cal. 583, 588 [108 Pac. 506].)

Acting on the request of the plaintiff the trial court, among others, gave the following instruction: "I instruct you that mere abstraction or lack of attention to the condition of the sidewalk by a pedestrian passing over it cannot, as a matter of law, be assigned as contributory negligence. A person walking along a sidewalk cannot be charged with contributory negligence, as a matter of law, where his attention is diverted and the opening is not noticed." The defendants contend the instruction ignored the mandatory provisions of the statutes. They again press the applicability of the provisions of the traffic laws. Such matters have been discussed above and that discussion need not be repeated. As to whether the plaintiff was guilty of contributory negligence

as a matter of fact the trial court fully covered that subject in other instructions to which no objection is made.

The defendants quote three other instructions. They concede each is sound law. However, they claim that each ignores the contention of the defendants that this plaintiff was guilty of contributory negligence as a matter of law because he violated provisions of the traffic laws. That fact, if it is a fact, was not a proximate cause of the accident.

█ Finally the defendants contend the damages awarded were excessive. The amount was $8,500 and of that sum $700 was the sum proved as special damages. The plaintiff was at the time of the trial seventy years of age. He was a retired furrier and duly enrolled as a pensioner of the State of California. The injuries he suffered, the treatment, and the extent of his recovery, are stated in the briefs. We have carefully read all briefs. Our powers in these matters have been specifically defined on many occasions. In *Hale* v. *San Bernardino etc. Co.*, 156 Cal. 713, at page 715 [106 Pac. 83], the court said: "Upon appeal, the decision of the trial court and jury on the subject cannot be set aside unless the verdict is 'so plainly and outrageously excessive as to suggest, at the first blush, passion or prejudice or corruption on the part of the jury'." In the present case there was nothing in any of the proceedings on which it could be said that the jury acted through passion, prejudice, or corruption. Again it was recently said that in passing on the question before us this court may take into consideration amounts awarded in similar cases involving equally serious injuries. (*McNeil* v. *East Bay Street Rys., Ltd.*, 220 Cal. 591, 600 [32 Pac. (2d) 598].) The plaintiff calls to our attention *Langensand* v. *Obert*, 129 Cal. App. 214 [18 Pac. (2d) 725], *O'Brien* v. *Edens*, 125 Cal. App. 100 [13 Pac. (2d) 754], and *Moffitt* v. *Ford Motor Co.*, 135 Cal. App. 7 [26 Pac. (2d) 661]. The facts in each case were closely similar. The facts in the case last cited were almost parallel. In the case last cited the award was higher than in the present case. We are unable to say the verdict was, as a matter of law, excessive.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.