[Civ. No. 16008. Second Dist., Div. Two. Dec. 12, 1947.]

BOARD OF EDUCATION OF THE CITY OF LONG BEACH, Appellant, v. ALFRED C. KING, Respondent.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Appellant.

Joseph A. Ball for Respondent.

McCOMB, J.—This is an appeal from a judgment in favor of defendant in an action commenced pursuant to the provisions of sections 13521 to 13559 of the Education Code (reasons and procedure for the dismissal of teachers) for the

dismissal of defendant as a teacher of the Long Beach City College district.

The conceded facts are these:

On May 11, 1945, plaintiff notified defendant of its intention to dismiss him as a permanent member of the Long Beach City College district. On May 24, 1945, defendant requested a hearing on the charges contained in the notice which plaintiff had served upon him. Thereupon pursuant to the provisions of section 13529 of the Education Code* plaintiff filed an action in the superior court, alleging as grounds for removal of defendant, "unprofessional conduct in that said Alfred C. King on or about January 7, 1945, drove a motor vehicle on Cherry Street in the City of Long Beach while under the influence of intoxicating liquor in violation of Section 502 of the Motor Vehicle Code of the State of California. That said Alfred C. King was found guilty of said offense on January 30, 1945, in the Municipal Court of the City of Long Beach and sentenced to and did pay a fine of $100.00 for said offense."

Defendant denied in his answer the charge of unprofessional conduct hereinbefore mentioned.

At the trial the only evidence offered by plaintiff as proof of the charge it had made against defendant was the record of conviction of defendant on January 30, 1945, by the municipal court of the city of Long Beach, of the offense of driving a motor vehicle while under the influence of intoxicating liquor in violation of section 502 of the Motor Vehicle Code. An objection to the introduction of such evidence was sustained, and no other evidence having been presented to the court, judgment was entered in favor of defendant.

This is the sole question presented for our determination:

*Did the trial court commit prejudicial error in refusing to receive in evidence the record of conviction of defendant of the act alleged in the complaint as amended as grounds for his dismissal?*

---

*Section 13529 of the Education Code reads thus: "Rescission of action or filing complaint on demand for hearing. When any employee who has been served with notice of the governing board's intention to dismiss him demands a hearing, the governing board shall have the option either (a) to rescind its action, or (b) to file a complaint in the superior court of the county in which the school district or the major part thereof is located, setting forth the charges against the employee and asking that the court inquire into the charges and determine whether or not they constitute sufficient grounds for the dismissal of the employee, under the provisions of this code, and for judgment pursuant to its findings."

This question must be answered in the negative. The general rule is that a judgment of conviction in a criminal prosecution may not be introduced in evidence in a subsequent civil proceeding to establish the truth of the facts upon which the criminal action was predicated. (*Marceau* v. *Travelers' Ins. Co.*, 101 Cal. 338, 344 [35 P. 856, 36 P. 813]; *Burke* v. *Wells, Fargo & Co.*, 34 Cal. 60, 62; *Burbank* v. *McIntyre*, 135 Cal.App. 482, 485 [27 P.2d 400]. See, also, *Tapley* v. *Abbott*, 111 Cal.App. 397 [295 P. 911]; 5 Wigmore on Evidence, 1940, p. 687, § 1671a; also Veh. Code, § 755, making inadmissible as evidence in any civil action the record of a conviction of violating a provision of such code.)

In view of the foregoing rule established in California the trial court properly sustained an objection to the proffered evidence. Since no other evidence was offered to support the charge preferred against defendant, the trial court properly gave judgment in his favor.

The judgment is affirmed.

Moore, P. J., concurred.

WILSON, J.—I concur in the judgment solely by reason of the provision of section 755 of the Vehicle Code that "No record of the conviction of any person for any violation of this code, . . . shall be admissible as evidence in any court in any civil action." Since that section renders the judgment of respondent's conviction inadmissible and since there was no other evidence that he had violated any provision of that code, the judgment must be affirmed for that reason alone.

The general statement in the majority opinion to the effect that a judgment of conviction is inadmissible in a civil proceeding to establish the truth of the facts upon which the criminal action was predicated is not warranted by the authorities and, in the absence of a differentiation of the situation in the instant case from that in the cases cited, will inevitably lead to confusion.

In each of the cases of *Marceau* v. *Travelers' Ins. Co.*, 101 Cal. 338 [35 P. 856, 36 P. 813], and *Burke* v. *Wells, Fargo & Co.*, 34 Cal. 60, cited in the majority opinion, the person convicted of the crime was not a party to nor involved in the civil action in which the record of conviction was offered in evidence and was not in privity with either of the parties. The record of conviction was held in each instance

to be inadmissible to prove an issue arising between the parties to the respective actions. In the Marceau case the issue was whether the convicted person was insane at the time of the murder. In the Burke case the question was whether the person who had pleaded guilty had actually committed the crime.

These cases are not authority for a statement that the record of conviction of a person in a criminal case · is never admissible against the same party in a civil action in which the same facts or acts are involved. It is the rule that where a person has pleaded guilty to a criminal charge and is later a party to a civil action growing out of the same acts the record of the plea of guilty may be received in evidence not as a judgment establishing the fact but as an admission against interest—a solemn confession of the very matter charged in the civil action. (*Langensand* v. *Obert,* 129 Cal. App. 214, 218 [18 P.2d 725]; *Burbank* v. *McIntyre,* 135 Cal.App. 482, 486 [27 P.2d 400], and cases cited.) These decisions obviously have no application to the instant case since it is not alleged that respondent pleaded guilty to the crime with which he was charged. They are mentioned only for the purpose of showing that the statement in the majority opinion is more inclusive than the citations warrant. Its applicability should not be extended beyond permissive bounds but should be limited to the class of cases to which it belongs.