Hillsborough,  
June 3, 1902.

## STATE *v.* LAROSE.

An indictment charging the respondent with illegally keeping liquor for sale, and alleging a prior conviction as to which no proof is adduced, is sufficient to sustain a verdict of guilty of a first offence.

Certain evidence deemed sufficient to warrant a finding that liquors upon the defendant's premises were illegally kept for sale.

Upon the trial of an indictment for the illegal keeping for sale of spirituous liquor, the respondent's plea of *nolo contendere* to a complaint charging the same offence, at the same place, on an earlier date, is not admissible in evidence against him.

INDICTMENT, for a second offence of illegally keeping liquor for sale on September 1, 1901. Trial by jury and verdict of guilty of a first offence. The indictment alleged a prior conviction on May 15, 1901. Transferred from the September term, 1901, of the superior court by *Peaslee, J.*

The state's evidence tended to prove the following facts: The defendant keeps a drug store in Nashua. The place was searched Sunday, September 1. The officers found one man sitting in the front store and two others in a small side room. A clerk was just coming from the back store with a bottle in his hand, and when he saw the officers he placed the bottle on a shelf in the back store, and came out and locked the door. The clerk at first refused to open the door upon the officer's demand, but later did so. In the back store the officers found several casks and jugs of various sizes containing spirituous liquor, a large number of

sealed quart bottles of whiskey, and empty bottles of various kinds and sizes. Upon the shelf, where the clerk put the bottle when he saw the officers, they found a bottle of brandy which they identified as the bottle put there by him. The defendant paid a United States tax as a retail dealer in spirituous liquors for the year beginning July 1, 1901, and for several years prior thereto.

The defendant's motions to quash the indictment on the ground of a variance, and for the direction of a verdict in his favor upon the ground that there was no evidence of an intent to sell contrary to law, were denied subject to exception. The state was permitted to show that upon May 15, 1899, the defendant pleaded *nolo contendere* to a charge of keeping spirit for sale at the same place, and he excepted. There was no evidence of a prior conviction.

*James P. Tuttle*, solicitor, for the state.

*Doyle & Lucier*, for the defendant.

PARSONS, J. The only variance between the indictment and the proof was the absence of evidence tending to sustain the allegation of a prior conviction. Omitting this allegation, the indictment charged an offence which was sustained by the evidence. The allegations were several; sufficient being proved to establish an offence alleged in the indictment, the respondent was properly convicted of the offence proved. *State* v. *Small*, 64 N. H. 491, 492; *State* v. *Thornton*, 63 N. H. 114, 115; *State* v. *Webster*, 39 N. H. 96; *State* v. *Dorr*, 82 Me. 341; *Palmer* v. *People*, 5 Hill 427; Rosc. Cr. Ev. 99, 100.

The amount of liquors on hand, the place, the defendant's store for the sale of goods, the action of the clerk when he saw the officers, the payment of a tax as a retail dealer, which was not required if the liquors were kept only for use in compounding medicines (R. S. U. S., s. 3246), are facts tending to establish that the liquors found were not kept merely for the defendant's personal use or solely for compounding medicines (P. S., c. 135, s. 9), but were kept for sale. The motions to quash the indictment and to direct a verdict for the defendant were properly denied.

The only exception remaining which it is necessary to consider is that taken to the admission in evidence of the fact that May 15, 1899, the defendant pleaded *nolo contendere* to a charge of keeping spirit for sale at the same place. Proof that the respondent has previously committed or been charged with the commission of a

crime similar to that for which he is on trial is not evidence of his guilt of the crime in question. *State* v. *Lapage*, 57 N. H. 245. But the fact that the evidence discloses the commission of other crimes does not render it incompetent if it has some tendency to prove a material fact in issue. *State* v. *Palmer*, 65 N. H. 216, 218.

The intent with which the spirituous liquors found upon the defendant's premises were there kept was a material question at the trial. Any evidence otherwise competent having probative force upon this issue was relevant. "Where there is a question whether a particular act was done, the existence of any course of business according to which it naturally would have been done is a relevant fact." *Hall* v. *Brown*, 58 N. H. 93, 96. Evidence that the respondent kept ale for sale in his house at a certain time is competent on the question whether spirit kept there then was kept for sale. *State* v. *Gorman*, 58 N. H. 77. Evidence of prior sales to others is competent on the question whether the respondent sold to A. *State* v. *Welch*, 64 N. H. 525; *State* v. *Shaw*, 58 N. H. 73. Upon the trial of a complaint for keeping spirituous liquors with intent to sell the same, evidence of sales of other spirituous liquors at the same place is competent. *State* v. *Raymond*, 24 Conn. 204.

In *Philpot* v. *State*, 65 N. H. 250, the defendant had been released upon a suspended sentence, upon condition that he should not engage in the illegal business of selling liquor, of which he had been convicted, and it was held upon the authorities above cited that his conviction upon a plea of *nolo contendere* to an indictment charging the illegal keeping of liquor for sale, at a time subsequent to his former sentence, was evidence from which his non-performance of the condition could be inferred. If this conclusion can be sustained upon the ground upon which it was apparently placed, it is decisive upon the present question. Read in the light of the authorities cited, to which reference has been made, the decision seems to have been placed upon the ground that from the conviction upon the plea of *nolo* the inference may be drawn that the defendant would not have pleaded *nolo* and suffered a judgment of conviction unless he had in fact been guilty; and hence the decision appears to construe this plea as an admission of the truth of the facts charged for other purposes than the case in which it was made. In the case at bar, evidence that upon some date other than the day in question, considered not too remote by the trial court, the defendant kept the same or similar liquors at the same place, with guilty intent, would be competent as tending to prove the liquors then there were so kept. An admission by the defendant of the intent with which he kept such liquors at the prior date would be evidence against him. In this

case there was no evidence of a judgment of conviction against the defendant if one was had, and the only question is whether the plea of nolo is an admission of the truth of the facts charged. That it is, appears to have been assumed without examination by the court in *Philpot* v. *State*. So far as the proceedings upon the indictment itself, and the results dependent upon the judgment which follow from a conviction, a plea of *nolo contendere* has the same legal effect as a plea of guilty. *State* v. *Fagan*, 64 N. H. 431; *United States* v. *Hartwell*, 3 Clif. 221; *Commonwealth* v. *Horton*, 9 Pick. 206. It is an elementary rule that a judgment is not evidence of the facts adjudicated by it, except between the parties to it and those in privity with them. But in trespass for assault and battery, a record of conviction upon a plea of guilty to a criminal complaint for the same act is admissible (*Green* v. *Bedell*, 48 N. H. 546), while if the conviction be upon a plea of not guilty, the record is not admissible. *Caverno* v. *Jones*, 61 N. H. 623, 624. The evidentiary force arises, not from the judgment, but from the plea, which, if guilty, is a confession of the truth of the charge, and hence admissible in other proceedings. *Burgess* v. *Burgess*, 47 N. H. 395. If a plea of *nolo contendere* has the same effect, it differs in no respect from a plea of guilty. The existence of the two pleas is evidence that there is, or was supposed to be, some distinction between them. That they differ materially appears from the authorities. The distinction is stated as follows: "When the defendant pleads *guilty*, the clerk writes on the indictment the word 'confesses'; and he is set aside until the time of passing sentence. An *implied confession* is where, in a case not capital, a defendant does not directly own himself to be guilty, but tacitly admits it by throwing himself on the king's mercy, and desiring to submit to a small fine which the court may either accept or decline as they think proper. If they grant the request, an entry is made to this effect, that the defendant '*non vult contendere cum domina regina et posuit se in gratiam curiæ*,' without compelling him to a more direct confession. The difference in effect between an implied and an express confession is that after the latter *not guilty* cannot be pleaded to an action of trespass for the same injury; whereas it may be done at any time after the former." 1 Ch. Cr. L. 431; 2 Hawk. P. C., c. 31, s. 3. Under the plea of *nolo*, the defendant does not confess or acknowledge the charge against him as upon a plea of guilty (*quod cognovit indictamentum;* 2 Hawk. P. C., c. 31, s. 3), but, waiving his right to contest the truth of the charge against him, submits to punishment. The plea is in the nature of a compromise between the state and the defendant — a matter not of right, but of favor. Various reasons may exist why a defend-

ant conscious of innocence may be willing to forego his right to make defence if he can be permitted to do so without acknowledging his guilt. Whether in a particular case he should be permitted to do so, is for the court.

There is no evidence that any meaning is now attached to the entries "guilty," or that the defendant "will not contend with the state," differing from those described by Hawkins and Chitty. Modern cases attach the same meaning. *Commonwealth* v. *Horton,* 9 Pick. 206. The plea "is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act. The judgment of conviction follows upon such a plea, as well as upon a plea of guilty. . . . But there is a difference between the two pleas, in that the defendant cannot plead *nolo contendere* without the leave of the court. If such plea is tendered, the court may accept or decline it in its discretion." *Commonwealth* v. *Ingersoll,* 145 Mass. 381, 382. "This plea, like a demurrer, admits for the purposes of the case all the facts which are well stated, but is not to be used as an admission elsewhere." *Commonwealth* v. *Tilton,* 8 Met. 232, 233; 1 Gr. Ev., s. 179; *Ib.,* s. 537, n. 1; 1 Bish. New Cr. Proc., s. 802. In *State* v. *Fagan,* 64 N. H. 431, 433, the effect of the plea as admissible evidence in a civil case is expressly excluded from consideration. The parties are now the same, but the point now in question is not the judgment but the plea. In *State* v. *Fagan* and *Commonwealth* v. *Horton, supra,* the question was as to the validity and effect of the judgment of conviction following upon the plea of *nolo.* Between other parties, as in a civil suit, the former judgment, whether upon a plea of not guilty, *nolo,* or guilty, would be incompetent; but as between the parties to the proceeding, the state and the defendant, the validity of the judgment of conviction does not depend upon the character of the plea. This was the sole question in issue and decided in *State* v. *Fagan.* It was there said (*p.* 433) : "Whatever the form or substance of his plea, the judgment rendered against him is valid; and being valid, it is conclusive between these parties. Between them, its effect does not depend upon the question whether he admitted his guilt or denied it, or whether his confession was express or implied." The conclusion that the defendant's "guilt was a necessary legal inference from the implied confession of the offence charged," and that "between him and the state it is not material whether he said he was guilty, or said something from which the law necessarily inferred his guilt," is therefore expressly limited to the question decided — the validity and effect of the conviction upon this plea.

If LaRose were sued for damages under the statute (P. S., c. 112, ss. 31, 32), it is clear according to the authorities that evi-

dence of his plea of *nolo* to a complaint for selling the liquor which caused the damage would be no more competent than his conviction upon a plea of not guilty to the same complaint. If the plea is not competent between different parties because it is only a limited admission of the charge, the admission is not made unlimited by a change of parties. The admission must be one thing or the other when made. Its character at the time determines its meaning, not the use attempted to be afterward made of it. It cannot mean one thing in a subsequent civil suit for damages, and another thing in a subsequent proceeding by the state. The competency of an admission does not depend upon its being made to a party to the suit. If it were an unlimited admission, it would be evidence against the defendant in all subsequent controversies. It is settled by the authorities that it is not. Therefore, there being no ground for an estoppel, the plea can have no greater effect in a proceeding to which the state is a party than in a civil suit, and it is therefore inadmissible against the defendant. If it is claimed that it is improbable that a party would plead *nolo* and submit to punishment unless conscious of guilt, the argument is no more than can be made in favor of the admission of any proposition for compromise, " because such offers are more apt to be made in cases in which the party making them is conscious that the cause of his adversary is well-founded than in the opposite cases." *Rideout* v. *Newton*, 17 N. H. 71, 73 ; *Colburn* v. *Groton*, 66 N. H. 151.

An adjudication of the defendant's intent in May, 1899, upon a plea of not guilty, by a judgment of conviction, might render the fact *res judicata* and the judgment admissible upon that ground ( *Winnipiseogee etc. Co.* v. *Laconia*, 68 N. H. 284); and it may be that, upon judgment of conviction upon a plea of *nolo contendere*, the facts charged in the indictment would also become *res judicata* between the same parties so as to be proved by the judgment ( *State* v. *Collins*, 68 N. H. 299, 302), though the question is at least debatable. The present case, however, presents no opportunity for determining whether the conclusion in *Philpot* v. *State* can be sustained upon the latter ground, or of considering either question. The plea of *nolo* can be sustained as evidence in this case only upon the ground that it was an unlimited admission of the facts charged in the indictment. The investigation shows that, contrary to the apparent assumption in *Philpot* v. *State*, such is not the effect or meaning of the plea. That decision, therefore, cannot be now followed. The error vitiates the verdict, for the evidence had a plain tendency to prejudice the defendant; and although the remaining evidence has been found sufficient to authorize a finding of an intent to sell, such fact is neither con-

ceded nor conclusively proved by the other evidence in the case. *Cutler* v. *Railroad*, 69 N. H. 641, 642. The verdict therefore must be set aside.

The first two exceptions considered are overruled; the third is sustained.

*Verdict set aside.*

All concurred.