**BARNSDALL REFINING CORPORATION v. BIRNAMWOOD OIL CO.**

No. 4920.

District Court, E. D. Wisconsin.

March 28, 1940.

Richardson, Robertson, Reeder & Stearns and Howard Johnson, all of Milwaukee, Wis. (Gentry Lee, of Tulsa, Okl., of counsel), for plaintiff.

Harry L. Potter, of Madison, Wis., and Francis E. McGovern, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

Plaintiff brought this action for payment of an account for merchandise sold and delivered by it to the defendant, said merchandise consisting of petroleum products.

The defendant has interposed its sixth amended answer, set-off, and counter claim.

The plaintiff has made various motions to strike; they can be divided into two groups. This opinion will deal with what we may consider the first group of such motions, designated as Motion No. 1.

The plaintiff has moved to strike portions of the third cause of action in the counter claim. Said motions are directed to references to the indictment, plea, and judgment in the so-called "Madison Oil Case No. 1," a criminal action (United States v. Standard Oil Co. of Indiana et al. No. 11,365, in the United States District Court for the Western District of Wisconsin).

The defendant's pleading, which is a document of 41 pages, consists first of a general denial; then follows allegations that the defendant was induced to enter the contract in question by fraudulent and false representations on the part of plaintiff's representatives, to defendant's damage of $40,000; defendant then alleges a set-off against any judgment that the plaintiff may obtain; then follows a counter claim containing three causes of action.

In Paragraph 36 of the third cause of action in the counter claim, the defendant alleges that the plaintiff and others were indicted by a Grand Jury in the oil case hereinbefore described; that the plaintiff was duly charged and adjudged guilty of the crimes and offenses set forth; and that upon proceedings duly had, it was convicted of the charges contained in the indictment and was fined $2500, which fine was paid.

Paragraph 37 alleges that all matters, facts, and things set forth in the indict-

ment are true; and Paragraph 38 alleges that Exhibit A is a true copy of the indictment and is attached to the pleading. Exhibit A is 21 typewritten pages in length.

In Paragraph 39 the defendant alleges that it was one of the jobbers to which plaintiff sold gasoline and other petroleum products during the period mentioned in and covered by the indictment, and was affected by the misconduct charged in the indictment.

Paragraph 40, which has several references to the indictment, alleges that the price of gasoline was artificially increased because of the acts set forth in the indictment and that by reason of said conspiracy, defendant was damaged in the sum of $18,350.94; and demand is made for treble damages.

At the hearing of said motions to strike, the plaintiff presented a verified copy of the judgment that was entered on June 20, 1939, in Madison Oil Case No. 1. The portion of said judgment important in the discussion of these motions is as follows:

"Whereas, before any evidence or testimony has been taken, this court has approved said agreement as the basis for a consent judgment;

"It is therefore ordered, adjudged and decreed that the said E. B. Reeser and Barnsdall Refining Corporation be permitted to withdraw their respective pleas of 'not guilty' herein and to enter their respective pleas of nolo contendere.

"It is further ordered, adjudged and decreed that as to said defendants, E. B. Reeser and Barnsdall Refining Corporation, and each of them, a fine of two thousand five hundred dollars ($2500.00) be levied and collected, and that no costs be awarded against said defendants."

The judgment was signed by Hon. Patrick T. Stone, District Judge for the Western District.

■ If the judgment referred to would not be admissible in evidence at the trial of this action, then it should not be pleaded. A motion to strike is a proper method of raising this question.

Section 5 of the Clayton Act, 38 Stat. 731, 15 U.S.C.A. § 16, provides: "That a final judgment or decree hereafter rendered in any criminal prosecution or in any suit or proceeding in equity brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima

facie evidence against such defendant in any suit or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: Provided, This section shall not apply to consent judgments or decrees entered before any testimony has been taken. * * *"

The principal question for determination here is whether the judgment rendered in Madison Oil Case No. 1 was a consent judgment rendered before any testimony had been taken.

Before considering that question, however, we may dispose of the motion to strike Paragraph 38 and Exhibit A, which sets out the indictment in detail.

The defendant has not alleged that it is suing for damages under the Sherman Anti-Trust Act, 15 U.S.C.A. § 1–7, 15 note, but merely refers to the indictment and claims that it was injured by the facts therein stated, and asks for damages.

The indictment itself first deals with a description of the various defendants, none of whom are parties to this action except the Barnsdall Refining Corporation. Then about eight pages are given over to a description of the oil industry. None of these matters have anything to do with the case in question. About eight pages of the indictment do refer to allegations of conspiracy, but in a large measure relate to matters done by others who were defendants in the criminal action. The indictment likewise has many allegations to show that the District Court of the Western District of Wisconsin had jurisdiction of that case.

■ Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires: "(2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *" and subsection (e) of said Rule provides: "Each averment of a pleading shall be simple, concise, and direct. * * *"

It is very apparent that incorporating a lengthy indictment in a pleading, as was done in this case, in no way satisfies the requirement of Rule 8, and therefore the motion of the plaintiff to strike Paragraph 38 and Exhibit A will be granted.

■ Analyzing Section 5 of the Clayton Act: If the judgment offered in evidence is a "final judgment" to the effect that a defendant has violated the anti-trust laws,

and it is such as to create an estoppel between the United States and the defendant as to the issues involved, and it is offered in a suit brought by a third person under the anti-trust laws, then it is to be considered prima facie evidence providing it is not a consent judgment or decree entered before any testimony has been taken.

An examination of the judgment itself discloses the following provision: "Whereas, before any evidence or testimony has been taken, this court has approved said agreement as the basis for a consent judgment."

The judgment discloses further that it is based upon a plea of nolo contendere. There is no adjudication of guilty in the judgment. The defendant herein, however, attacks the judgment as being incorrect; that it contains statements which are not true; that it is a false recital; etc. The defendant goes further: it urges that certain recitals in the judgment should be stricken (apparently by this court) as sham and frivolous.

█ It is, of course, without dispute that a trial of Madison Oil Case No. 1 was held; that the jury rendered a verdict of guilty against all defendants; that the court did not enter judgment on the verdict, but took under advisement numerous motions for directed verdicts and for new trials; that no judgment was ever rendered on that verdict as against the Barnsdall Refining Corporation; and that the Court, apparently considering that there had been no sufficient proof of the Barnsdall Refining Corporation participating in the conspiracy, granted a new trial. Thereafter, and before any testimony was taken with reference to the new trial, and after negotiations between government counsel and defense counsel, the judgment was entered. It was designated as a consent judgment, and it set forth that same was being entered prior to the taking of any testimony.

Numerous courts have held that upon a new trial, the case is tried as if it had not been tried before. Hunt v. United States, 10 Cir., 53 F.2d 333; Adams v. Kennard, 122 Or. 84, 222 P. 1092, 227 P. 738, 253 P. 1048; Slauson v. Goodrich Transportation Co., 99 Wis. 20, 74 N.W. 574, 40 L.R.A. 825. It has been stated that the granting of a new trial legally destroys the first trial (State ex rel. Lopez v. Killigrew, 202 Ind. 397, 174 N.E. 808, 74 A.L.R. 631): also that " * * * when new trial was ordered, the parties started again from their pleadings." Kruk v. Minneapolis etc. Ry. Co., 249 Mich. 685, 229 N.W. 479, 480.

The Wisconsin Supreme Court, in the case of Green Bay & Mississippi Canal Co. v. Hewitt, 62 Wis. 316, 21 N.W. 216, 217, 22 N.W. 588, said: " * * * There was no judgment in the action when the new defense was interposed, as it had been vacated, and the action was to be tried as if it had never been tried, and as an original action. * * * There has never been a trial or judgment, so far as the present trial is concerned."

Therefore, at the time that the judgment was entered in Madison Oil Case No. 1, the situation was as though no trial had ever been had, and the defendant in this case has no valid complaint about that portion of the judgment which recites that it was entered "before testimony was taken."

█ On the basis that no testimony was taken, we must now consider the effect of this judgment in relation to Section 5 of the Clayton Act. It was based on a plea of nolo contendere. This precise question was dealt with in a very exhaustive opinion by Judge Nordbye in the recent case of Twin Ports Oil Co. v. Pure Oil Co., et al, D.C., 26 F.Supp. 366, 371. In that case judgments in both Madison Oil Case No. 1 and Madison Oil Case No. 2 were considered. The judgments had not become final in the first case because of a pending appeal. But as to the second case, the precise question which we are now considering was decided. It was argued in the Twin Ports Oil Co. case as in the case at bar that there could not be a consent judgment in a criminal case. Judge Nordbye in his opinion said: "It is the use of the word 'consent' with reference to criminal proceedings that has apparently caused some uncertainty and doubt as to the interpretation to be given to this section. It is urged that a consent judgment in a criminal case is an anomaly in legal parlance. Strictly speaking, it may be that there is no such thing as a consent judgment in criminal proceedings. One who enters a plea of guilty does not necessarily consent to the judgment that the court imposes. But the mere fact that the term 'consent judgment' is not generally used in criminal proceedings, or that it is not an accurate characterization of the effect of a plea of guilty, is not conclusive against the construction urged by the defendants herein. If Congress intended to designate

judgments entered on pleas of guilty or nolo contendere, before any testimony had been taken, as consent judgments, this Court must give effect to such intention, however unusual or inappropriate the expression may be."

The wording of the Act as it now stands resulted from the conference report to both Houses of Congress, and Judge Nordbye carefully goes into the discussion on the floor of both the House and Senate to show that it was the intention of Congress that the words "consent judgment" pertained not only to civil proceedings but also to criminal actions.

I fully agree with Judge Nordbye's opinion where he states: "Judgments in criminal proceedings and decrees in equity are not treated separately, but are referred to together. It follows from a reading of this part of the act that, when Congress used the term 'final judgment or decree', it was referring to both criminal and equity proceedings. The same language was made applicable to both types and classes of cases. In that the term 'judgment or decree' in the first part of the act unmistakably refers to both criminal and equity proceedings, it is reasonable to presume that, when Congress used the term 'judgments or decrees' in the first proviso, it intended to use such words in the same manner and to the same effect as the words that had theretofore been employed. A construction that the term 'judgments or decrees' as used in the first proviso merely refers to civil proceedings would be unwarranted in view of the use of such terms throughout the entire context of the act. In absence of any limitation on the words in the first proviso, it would seem that there should be no real difficulty in determining that Congress intended to refer to both criminal and equity proceedings in excepting consent judgments or decrees."

However, the Act as passed by the Congress contained a provision which seems to me to be conclusive as to the intention of the Congress. Immediately after the words "before any testimony has been taken," the Act as passed contained the following: "Provided further, This section shall not apply to consent judgments or decrees rendered in criminal proceedings or suits in equity, now pending, in which the taking of testimony has been commenced but has not been concluded, provided such judgments or decrees are rendered before any further testimony is taken."

The codification has eliminated this proviso, apparently on the theory that it was temporary legislation; but taken in connection with the balance of the language of the Act, it is clear that reference was to consent judgments in criminal cases as well as suits in equity.

The judgment in the Madison Oil Case No. 1 was based on a plea of nolo contendere. It was entirely in the discretion of the trial judge whether such a plea be accepted. He did accept it. The judgment based on such a plea does not create an estoppel as to any of the facts charged in the indictment.

"The only advantage in a plea of nolo contendere gained by the defendant is that it gives him the advantage of not being estopped to deny his guilt in civil action based upon the same facts. Upon a plea of guilty, entered of record, the defendant would be estopped to deny his guilt, if sued in a civil proceeding." State v. Burnett, 174 N.C. 796, 93 S.E. 473, 474, L.R.A.1918A, 955.

While the plea of nolo contendere is equivalent to a plea of guilty in that particular case (Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347), a judgment of conviction on such a plea cannot be used against the defendant in any other case. United States v. Lair, 8 Cir., 195 F. 47. The defendant is not estopped in a subsequent civil proceeding to deny the facts upon which the prosecution was based. It cannot be used in a civil action for the same act. Hudson v. United States, supra; State v. La Rose, 71 N.H. 435, 52 A. 943; Berlin v. United States, 3 Cir., 14 F.2d 497.

There is nothing to indicate that Congress intended by the Clayton Act any change in the well-established rule as to the effect of a plea of nolo contendere. As was well stated by Judge Nordbye: "The Clayton Act does not attempt to change the effect or scope of a judgment entered on a plea of nolo contendere. Congress was presumably cognizant of the long line of decisions which hold that a plea of nolo contendere does not create an estoppel as between the Government and the defendant. Obviously, therefore, if the judgment in Madison case No. 2 is not an estoppel as between the Government and the defendant, it can have no probative

value in the trial of this case in a third party suit." Twin Ports Oil Co. v. Pure Oil Co. et al., supra, 26 F.Supp. at page 378.

The defendant herein would have encountered a great practical difficulty on the trial. It would have been incumbent on the defendant to have offered the judgment in Madison Oil Case No. 1 in its entirety. By its terms it is a "consent judgment" entered before the taking of testimony; therefore, simultaneously with offering the judgment to be relied upon as prima facie evidence, defendant would claim that (quoting from its brief) "it contains statements which are not true," it is "incorrect," and that "it is a false recital."

■ The plaintiff herein has served notice that it will insist that (1) one introducing documentary evidence to support his contention is conclusively bound thereby and cannot impeach its recitals; (2) that parole or extrinsic evidence is not admissible to contradict a document, and especially a judicial record; and (3) that a judgment of a court of general jurisdiction cannot be collaterally attacked. All these contentions on the part of the plaintiff would seem to be sound.

As to (1), "Ordinarily a person who introduces documentary evidence is not allowed to impeach or contradict it or to accept a part which is in his favor and repudiate another part which is opposed to his claim or defense." 20 American Jurisprudence. Sec. 915.

The general rule unquestionably is that one who introduces documentary evidence to support his contention vouches for its integrity and is conclusively bound thereby. Peters v. Taylor, 31 Ariz. 169, 251 P. 446. The Wisconsin Supreme Court in the case of Estate of Nieman, Sammond and others, 230 Wis. 23, 283 N.W. 452, 459, said: "The general rule seems to be that where a party has introduced an item of evidence 'he cannot subsequently object, that it should not have been received · or it should not be given such consideration as its natural probative value entitled it to.' 23 Corpus Juris, p. 51."

■ As to (2), the court in Re Crosby Stores, Inc., 2 Cir., 65 F.2d 360, 361, said: "The language of a judicial record may not be contradicted by extrinsic evidence that something different was intended; * * *. Obviously it would be intolerable to allow parties to assert rights in defiance of the language chosen by the court to fix their rights; that is the very purpose of the order."

Likewise the Supreme Court of the United States, in Hill, Warden v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 763, 80 L.Ed. 1283, said: "The court speaks through its judgment, and not through any other medium."

■ As to (3), it is fundamental that even if the court's decision in the Madison case was based entirely on an erroneous theory of law, it could not be attacked collaterally by a stranger to the record. A criminal case is protected against collateral attack to the same extent as a judgment in a civil case. 15 American Jurisprudence, 154, Sec. 504. In the case of Hill v. United States, supra, Justice Cardozo held that the judgment rendered " * * * imports verity when collaterally assailed."

■ The parties to the judgment in the Madison Oil Case No. 1 were all apparently satisfied that it was a consent judgment entered before any testimony had been taken. That is what the judgment itself states. Certainly a stranger who has merely an incidental beneficial interest cannot impeach and contradict the recitals of that judgment.

On plaintiff's motion, the following portions of defendant's sixth amended answer, set-off, and counter claim will be stricken:

Paragraphs 36; 37; and 38; paragraph 39: In line 3, the words "mentioned in and covered by said indictment"; and in line 4, the words "charged in said indictment"; paragraph 40: in line 2, the words "and as set forth in said indictment"; in line 3, the words "alleged and set forth in said indictment"; in line 5, the words "therein alleged"; in lines 5 and 6, the words "pursuant thereto"; and in line 10, the words "covered by said indictment."

The defendant may desire to amend its pleadings in view of the order herein and if it should so desire, it may have ten days from the date of the order based upon this opinion in which to do so.