LEE H. SILBERSTEIN, Appellant, *v.* MARLOW G. HIRSHLEIFER et al., Respondents.

First Department, June 12, 1951.

*Theodore Charnas* of counsel (*Hyman Jacobs* with him on the brief; *Theodore Charnas*, attorney), for appellant.

*Herman S. Axelrod* of counsel (*Maitland M. Axelrod* with him on the brief; *Axelrod & Axelrod,* attorneys), for respondents.

DORE, J.  Plaintiff, purchaser of corporate capital stock of defendant, Lord Calvert Beverages, Inc., in this action for rescission of the contract of purchase and sale because of defendants' alleged fraud in inducing the contract, appeals from an order of Special Term, Bronx County, dated December 18, 1950, granting defendants' motion for summary judgment dismissing the complaint and from the judgment therein in defendants' favor.

In a companion appeal involving plaintiff's application for a stay of arbitration demanded by defendant, Calvert, under the same contract, plaintiff, as petitioner therein, appeals from another order of Special Term, New York County, dated January 31, 1951, vacating a former order dated December 5, 1950, of that same Special Term.  The prior order of December 5th finding that the court was "satisfied that a substantial issue as to the existence of a valid contract of arbitration has been raised" set down for jury trial the issue of fraud in inducement of the contract; and if the court or the jury determined that there was fraud, granted plaintiff, petitioner's motion to stay arbitration.  The later order of January 31, 1951, on a showing that Special Term in Bronx County, after the order of December 5th, had granted defendants summary judgment, vacated the order of December 5th, struck the case from the day calendar and directed the parties to proceed to arbitration.

Plaintiff alleges that defendant, Calvert, and the Sen Sen Extract Co., Inc., were engaged in the business of making and selling extracts for carbonated beverages for human consumption; that the individual defendants owned a majority of the stock in both corporations; that Calvert acquired the assets of Sen Sen and that Calvert's corporate structure was reorganized and a majority of its shares issued to plaintiff or his

designees as purchasers for $50,000. Concededly plaintiff paid for the stock $40,500 on account, leaving an unpaid balance of $9,500. The alleged fraud is that in the written agreement between the parties made April 16, 1948, for the purchase and sale of the stock, defendants represented that no claims had been asserted or existed nor was there any reasonable basis for any legal claim against either Calvert or Sen Sen; and that such representations were false and known to be false by defendants as the United States Government had prepared to commence proceedings against Sen Sen and the individual defendants charging them with shipping in commerce beverages for use by man containing a poisonous and deleterious substance. Plaintiff swears the matters were unknown to him and that he would not have purchased the stock if he had known the facts allegedly concealed at the time of purchase.

Plaintiff was buying an interest in a corporation making beverages for human consumption. Most material in such purchase would be knowledge or information of any facts indicating that the United States Government was claiming that there was a poisonous ingredient in the beverage rendering it unfit for human consumption. Plaintiff swears that at and after 1945 defendants knew an investigation in connection with the charge had been commenced in 1945, had not been dropped but was still pending and that investigations and a hearing were had by the United States Food and Drug Administration. Later, the individual defendants before the United States District Court pleaded *nolo contendere* to the charge and were fined $500 each. The United States District Court on that pleading said: " Now, it is a serious thing to send out poisonous chemicals — very, very serious — that cannot be done lightly. If it is done for money it is all the more reprehensible." But as the event had happened five years before sentence and the District Court had no reason to believe that defendants did not at least act in the belief that what had been represented to them was true, the court accepted the *nolo* plea. The court, however, stated that defendants had shown a " recalcitrant attitude " in the proceeding before the Food and Drug Administration.

We think these and other facts alleged sufficiently raise issues of fact as to whether, e.g., defendants could have honestly represented at the time of the making of the contract of purchase and sale that no claims existed or were asserted. The warranties were material and set forth for the purpose of inducing reliance by plaintiff to act thereon.

Plaintiff also alleges that defendants later withheld from plaintiff, a member of Calvert's board of directors, that there was a proceeding pending even when the prosecution was under way in September, 1948.

It may be, as the learned dissenters say in their opinion, that this purchaser is seeking to escape from the obligation of paying the balance of $9,500 otherwise due under the contract if it is not rescinded; but in our opinion on the basis of this record that final conclusion should not be reached without a plenary trial. We do not pass upon the ultimate truth to be decided after a plenary trial at which plaintiff will have an opportunity to examine defendants both before the trial and during the trial. We express no opinion as to who should ultimately get judgment but we think enough has been shown to indicate that the matter should not be summarily disposed of without trial.

As to the previous decision of the United States District Court for the Eastern District of Wisconsin, mentioned in the dissent, plaintiff alleges that this decision was reversed by the United States Court of Appeals. Neither party gives the citation.

We think there are issues of fact to be tried and the motion for summary judgment should be denied.

The order and judgment appealed from should be reversed, with costs to plaintiff-appellant and defendants' motion for summary judgment denied.

VAN VOORHIS, J. (dissenting). Plaintiff seeks to escape from the obligation of his stock subscription agreement upon the theory that there has been a breach of the following express warranty contained therein: "No claims have been asserted, nor do any exist and no legal actions have been instituted, nor is there any reasonable basis for legal action against either Lord Calvert or Sen Sen, and none of their respective properties or assets are subject to any lien or encumbrance or claim of right by any person, other than those described in Exhibits A, B and C."

Several months after plaintiff had signed this stock subscription agreement, an information was filed against the individual respondents and Sen Sen Extract Co., Inc., in the United States District Court for the Eastern District of New York under subdivision (a) of section 331 and subdivision (a) of section 343 of title 21 of the United States Code, known as the Food and Drugs Act. To this charge those defendants eventually

pleaded *nolo contendere* and were each fined $500. A previous decision in the United States District Court for the Eastern District of Wisconsin, later reversed on appeal, had been to the effect that a shipment in interstate commerce of the ingredient which was the subject of this charge was not forbidden. The acts complained of occurred over five years ago, and no current shipment in interstate commerce of any contraband potable extract is involved.

The circumstance that Sen Sen and the Hirshleifers had been for some time prior to the signing of the subscription agreement under investigation by the Food and Drugs Administration concerning this shipment, did not constitute the assertion of a claim against Sen Sen in violation of the warranty. No claim, civil or criminal, was asserted until the filing of the information after the subscription agreement had been signed. The only part of the warranty which could possibly be applicable is contained in the clause, " nor is there any reasonable basis for legal action against either Lord Calvert or Sen Sen ". This language might broadly be interpreted to represent that the facts on which the information was based were not in existence when the subscription agreement was signed. There might be a breach of this warranty if the facts stated in the information filed in the Federal court stood admitted or had been proved to exist. The record contains no independent proof of such facts. They can only be held to have been established by the plea of *nolo contendere* as a result of which the Hirshleifers and Sen Sen were punished by these small fines. The difficulty with this reasoning is that a plea of *nolo contendere* does not create an estoppel, and is not an admission of guilt except in the proceeding directly involved. It may not be used against a defendant in any civil or criminal proceeding except to establish the fact of a prior conviction. (*Hudson* v. *United States*, 272 U. S. 451; *United States ex rel. Bruno* v. *Reimer*, 98 F. 2d 92; *United States* v. *Larr*, 195 F. 47; *Barnsdall Refining Corp.* v. *Birnamwood Oil Co.*, 32 F. Supp. 308.)

The judgment dismissing the complaint should be affirmed, with costs.

PECK, P. J., and HEFFERNAN, J., concur with DORE, J., VAN VOORHIS, J., dissents and votes to affirm, in opinion, in which COHN, J., concurs.

Judgment and order reversed, with costs to the appellant and the motion for summary judgment denied. Settle order on notice.