[Civ. No. 7987. Third Dist. Jan. 15, 1952.]

CHARLES F. REDNALL et al., Appellants, v. JAMES
ROBERT THOMPSON et al., Respondents.

Manwell & Manwell for Appellants.

Russell A. Harris for Respondents.

PEEK, J.—This appeal is from a judgment in favor of the defendant James Robert Thompson in an action arising out of an automobile collision, and from the order denying plaintiffs' motion for a new trial.

The testimony, viewed in the light most favorable to respondents shows that plaintiffs, while driving north on the Feather River Boulevard at a point a few miles south of the city of Marysville, struck the rear of respondent Thompson's jeep. Thompson also had been driving north and had stopped because of ignition trouble which resulted in the failure of the lights on his car. From then until the time of the collision no lights were burning. The jeep was equipped with two taillights and what one of the witnesses, a highway patrol officer, referred to as two class one reflectors capable of picking up a beam of light from a distance of 500 feet. The spot where the jeep was stopped was variously described as being entirely on the highway and as partly on and partly off the right hand portion of the pavement. According to plaintiff Charles Rednall he did not see the jeep until he was approximately 60 feet away. He was then traveling between 50 and 55 miles per hour. He made no attempt to turn his car to avoid striking the jeep but he did apply his brakes immediately, skidding his tires approximately 48 feet. Rednall further testified that the lights on his car were on high beam and would pick up any object at a distance of 150 to 200 feet. There was testimony by one of Thompson's companions that when he saw Rednall's car approaching he walked to the rear of the jeep and waved a flashlight at the oncoming car. The point of impact was variously described as being from 270 feet to 375 feet north of an "S" turn in the highway. At that point the highway is from 20 to 21 feet in width and the dirt shoulders along both sides were 7 feet in width.

The testimony concerning the condition of the right shoulder was also conflicting. There was some testimony that it sloped gradually away from the pavement to where it dropped off into a drainage canal. Other testimony was that it would have been "difficult" if not "hazardous" to park off the highway at that point.

Included in the contentions made by appellants are certain enumerated errors alleged to have been committed by the trial court during the course of the trial, to wit: remarks of the trial judge directed to counsel in connection with rulings on the admissibility of evidence and in the examination of witnesses as well as the conduct of the trial judge with respect to one of the witnesses indicating partiality on the part of the judge and tending to prejudice the jury against appellants. None of the remarks or conduct now complained of was assigned as error at the trial.

It is well established that error cannot be predicated upon the alleged misconduct of the trial court in the absence of (a) assignment of such misconduct as error, and (b) a request to the trial court to instruct the jury to disregard it, unless the alleged harmful result of such misconduct is such as cannot be obviated by proper instructions of the trial court. (*Church* v. *Payne,* 36 Cal.App.2d 382, 400 [97 P.2d 819].) Not only does it appear from an examination of the entire record that the alleged misconduct was not such as would warrant a reversal in the absence of appropriate instructions, but also the record shows that the court on its own motion admonished the jury to disregard statements made by the court to counsel in connection with objections and motions, when such statements indicated to them that the court had an opinion on the merits of the case or some fact or issue involved. (See *Loper* v. *Morrison,* 23 Cal.2d 600, 610 [145 P.2d 1].)

Appellants also urge as error the action of the trial judge in sustaining respondents' objection to a question directed to Thompson who, while being examined under Code of Civil Procedure, section 2055, and in particular regarding a conversation he had with traffic officers at the scene of the collision, was asked, "Did they give you a ticket that night?" Following his ruling the judge admonished the jury that any inference "which you might deduce therefrom will be eliminated from your consideration." Appellants now charge that the sustaining of the objection was error, that they had a right to show everything which occurred during the

investigation of the traffic officers following the accident including the fact that Thompson was arrested for illegal parking. While a plea of guilty in a criminal proceeding is admissible in a civil action, not as a judgment establishing the fact but as an admission of a party to the action (*Olson* v. *Meacham,* 129 Cal.App. 670, 675 [19 P.2d 527]), it is well established that in the absence of a plea of guilty, neither the judgment in a criminal action nor the proceedings in connection therewith, such as arrest, is admissible in a civil proceeding. (*Burbank* v. *McIntyre,* 135 Cal.App. 482, 486 [27 P.2d 400].)

██ The next of appellants' contentions in this regard is that the trial court erred in permitting (over their objection) one of the traffic officers who investigated the accident to testify that he had been subpoenaed by respondents. Although we perceive no materiality to the question and while it would appear that it could have been asked for no purpose other than to show defendants' complete disdain of whatever the traffic officer might testify to, yet it cannot be said to have been so prejudicial as to warrant a reversal of the judgment.

██ Appellants further contend that the verdict is contrary to the evidence, that is, that respondents' negligence was established as a matter of law, and that the record is void of any evidence of contributory negligence. We cannot agree with appellants' interpretation. Not only was there conflict on the question of respondents' negligence but facts were shown from which the jury might well have inferred, as it did, that appellant Charles Rednall was contributorily negligent. Under such circumstances a factual question was presented to the jury and its determination thereof under proper instructions will not be disturbed on appeal. (*Wilkerson* v. *Brown,* 84 Cal.App.2d 401, 405 [190 P.2d 958].)

██ Appellants also charge as error an instruction given at respondents' request to the effect that where there is evidence that one looked but did not see that which was in plain sight, it follows that either there is an irreconcilable conflict in such evidence or that person was negligently inattentive. Appellants assert that the instruction was improper because the accident happened at night and there were no lights burning on the jeep. However, there was evidence that appellants' car was equipped with headlights which could pick up objects at a minimum distance of 150

feet ahead and that the jeep was equipped with tail reflectors visible as far as 500 feet to the rear. In short, there was evidence from which the jury might have concluded that the jeep was visible to appellant Charles Rednall for a distance of at least 100 feet before he actually saw it. ▮ Failure to keep a vigilant watch and to see that which is plainly visible may constitute negligence. (*Berlin* v. *Violett*, 129 Cal.App. 337, 340 [18 P.2d 737].)

A further contention of appellants is that the trial court erred in failing to give their proposed instruction Number 5, which concluded with the statement that "Charles Rednall had the lawful right to drive his automobile at a speed not to exceed fifty-five miles per hour." Instead the jury was instructed by the court of its own motion that whether a "rate of speed is a negligent one is a question of fact, the answer to which depends on all the surrounding circumstances" and that the basic speed law is as follows:

"No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent, having due regard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property."

Furthermore they say said instruction was not alone inadequate but was made confusing by the instruction which followed:

"A vehicle being operated upon a dry asphalt or concrete paved surface on which the grade does not exceed 1 percent should be able to stop within the following distances:

| Miles per hour | Stopping distances |
|---|---|
| 10 | 9.3 feet |
| 15 | 20.8 feet |
| 20 | 37.0 feet |
| 25 | 58.0 feet |
| 30 | 83.3 feet |
| 35 | 113.0 feet |
| 40 | 148.0 feet |
| 45 | 188.0 feet" |

Stated otherwise, their argument appears to be that the court was doubly in error, first, because it refused to give their proposed instruction Number 5 and instead gave an inadequate instruction of its own on the question of the basic speed law, and secondly, the court erred by immediately following that instruction with an instruction on the distances within which the driver of a car should be able

to stop at certain specific speeds, since the instruction only sets forth speeds up to 45 miles per hour and therefore the jury might well have concluded that 45 miles per hour was the maximum permissible speed at which Rednall could have operated his car at the time of the collision.

The court properly refused appellants' proposed instruction Number 5 since it failed to state all of the qualifications of section 511 of the Vehicle Code, namely, that compliance with the basic speed law set forth in section 510 of that code is a prerequisite of the lawfulness of speeds within the prima facie limits set forth in section 511. To that extent it is apparent that the proposed instruction invaded the exclusive province of the jury "to determine the rate of speed which would be lawful under the particular circumstances of the case." (*Soda* v. *Marriott,* 118 Cal.App. 635, 641 [5 P.2d 675].)

If, as appellants argue in the remaining portion of their contention, the court, in giving the instruction on stopping distances which immediately followed, thereby confused the jury, such confusion was the result of appellants' own conduct since the instruction they now attack was proposed by them. Thus they are confronted by the well established doctrine of "invited error" under which a party "cannot successfully take advantage of error committed by the court at his request." (*Jentick* v. *Pacific Gas & Elec. Co.,* 18 Cal.2d 117, 121 [114 P.2d 343].)

Finally appellants contend that the trial court erred in refusing to give an instruction offered by them based on Vehicle Code, section 582, and relating to the manner of stopping or parking a car on a highway. The record shows that the court on its own motion gave an instruction similar to that requested by appellants which instruction was substantially as that set forth in BAJI 143. As the court stated in *Luis* v. *Cavin,* 88 Cal.App.2d 107, 115 [198 P.2d 563], ". . . it is not error for a court to refuse a requested instruction if the subject matter thereof is substantially incorporated in the instruction given. A party is not entitled to have the jury instructed in any particular phraseology, and may not complain on the ground that his requested instructions are [were] refused if the court, of its own motion or otherwise, correctly announces the substance of the law applicable to the case."

The judgment and order appealed from are affirmed.

Adams, P. J., and Van Dyke, J., concurred.