DEPARTMENT OF WATER AND POWER OF the CITY OF LOS ANGELES, a Municipal corporation, of and in the State of California, Plaintiff,

v.

ALLIS–CHALMERS MANUFACTURING COMPANY et al., Defendants, and 123 other cases.

Civ. No. 568–61.

United States District Court
S. D. California,
Central Division.

Jan. 22, 1963.

See also 213 F.Supp. 341.

Wiliam C. Dixon, Los Angeles, Cal., for Cities of Burbank, Glendale and Pasadena.

R. L. Knox, Jr., El Centro, Cal., for Imperial Irr. Dist.

Marcus Mattson, Lawler, Felix & Hall, Los Angeles, Cal., for So. Calif. Edison Co., Nevada Power Co., Calif. Elec. Power, San Diego Gas & Elec., Pac. Gas & Elec., and Hawaiian Elec. Co.

Adams, Duque & Hazeltine, Lawrence T. Lydick, Los Angeles, Cal., for I-T-E Circuit Breaker Co.

Henry B. Ely, Los Angeles, Cal., for Foster Wheeler Corp.

Julian O. Von Kalinowski, Gibson, Dunn & Crutcher, Los Angeles, Cal., for Clark Controller Co., Ohio Brass Co., Joslyn Mfg. Co., C. H. Wheeler Mfg. Co., Lapp Insulator Co. Inc., The Porcelain Ins. Corp., A. B. Chance Co., The Ohio Brass Co., Square D Company, and McGraw-Edison Co.

William A. C. Roethke, Lillick, Geary, McHose, Roethke & Myers, Los Angeles, Cal., for Kuhlman Elec. Co.

John L. Cole, Loeb & Loeb, Los Angeles, Cal., for Federal Pac. Elec. Co., Cornell-Dubilier Elec. Corp.

Macdonald & Halsted, Alexander Macdonald, Los Angeles, Cal., for Hubbard & Co.

Musick, Peeler & Garrett, Ralph E. Erickson, Los Angeles, Cal., for Allen-Bradley Co. and Cutler-Hammer, Inc.

McCutchen, Black, Harnagel & Shea, Los Angeles, Cal., for General Elec. Co.

Newlin, Tackabury & Johnston, Frank R. Johnston, Los Angeles, Cal., for H. K. Porter Co.

Parker, Milliken, Kohlmeier & Clark, Mark Townsend, Los Angeles, Cal., for Wagner Elec. Corp.

Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for Worthington Corp. and Ingersoll Rand.

Sheppard, Mullin, Richter & Hampton, Gordon F. Hampton, Los Angeles, Cal., for Moloney Elec. Co.

Robert E. Moore, Jr., Los Angeles, Cal., for Dept. of Water & Power.

Stephens, Jones, LaFever & Smith, Maurice Jones, Jr., Los Angeles, Cal., for Sangamo Elec. Co.

Swerdlow, Glikberg & Nicholas, Harry B. Swerdlow, Beverly Hills, Cal., for Westinghouse Elec. Corp.

Walker, Wright, Tyler & Ward, Irving M. Walker, Los Angeles, Cal., for Allis-Chalmers Mfg. Co.

BYRNE, District Judge.

The defendants have filed motions under Rule 12(f) of the Federal Rules of Civil Procedure to strike certain allegations from the plaintiffs' complaints.

The complaints generally contain allegations to the effect that the conspiracies involved herein are the same conspiracies which led to the indictment of manufacturers of electrical equipment in the United States District Court for the Eastern District of Pennsylvania in 1960, followed by convictions in 1961. The complaints in the cases pending before this Court contain references to those criminal proceedings. In some cases, the complaints contain references to pleas of guilty and pleas of *nolo contendere* entered by defendants in those criminal proceedings. And in a number of cases, the complaints refer to the institution of civil antitrust proceedings by the United States against some of the same defendants.

Defendants now move to strike from the complaints all references to the Government criminal and civil proceedings and all references to pleas of guilty and pleas of *nolo contendere* entered in the criminal proceedings upon the grounds that these allegations are immaterial, impertinent and prejudicial to defendants. In addition, the plaintiff in several of the instant cases [1] has filed motions for orders granting it leave to amend certain of its complaints and amended complaints to add allegations that certain of the defendants plead guilty to indictments filed in the criminal proceedings

mentioned above and that judgments were entered on said pleas in 1961.

It is the opinion of this Court that defendants' motions should be granted.

Section 5 of the Clayton Act was amended in 1955 and now appears as Section 5(a), 15 U.S.C.A. § 16(a), which provides as follows:

"A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any party against such defendant under said laws or by the United States under section 15a of this title, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: *Provided,* That this section shall not apply to consent judgments or decrees entered before any testimony has been taken or to judgments or decrees entered in actions under section 15a of this title."

A judgment entered on a plea of *nolo contendere* does not create an "estoppel as between the parties" to the Government suit, and for this reason is excluded from the prima facie effect of Section 5(a). See Barnsdall Refining Corp. v. Birnamwood Oil Co., 32 F.Supp. 308 (E.D.Wis.1940); Twin Ports Oil Co. v. Pure Oil Co., 26 F.Supp. 366 (D.Minn. 1939), affirmed 119 F.2d 747 (8th Cir., 1941), cert. denied 314 U.S. 644, 62 S.Ct. 84, 86 L.Ed. 516 (1941). Furthermore, it is well settled that a judgment based on a plea of *nolo contendere* is a consent judgment within the meaning of the proviso of Section 5(a), and that such a judgment is not admissible in evidence under this section as proof of the facts on which it is based. See Twin Ports Oil Co. v. Pure Oil Co., 26 F.Supp. 366 (D.

---

[1]. Department of Water and Power of the City of Los Angeles.

Minn.1939), affirmed 119 F.2d 747 (8th Cir., 1941), cert. denied 314 U.S. 644, 62 S.Ct. 84, 86 L.Ed. 516 (1941). For this reason, the courts have consistently struck from complaints references to judgments entered after pleas of *nolo contendere*. See Atlantic City Electric Co. v. General Electric Co., 207 F.Supp. 620 (S.D.N.Y.1962); Alden-Rochelle, Inc. v. American Society of Composers, Authors and Publishers, 3 F.R.D. 157 (S. D.N.Y.1942); Barnsdall Refining Corp. v. Birnamwood Oil Co., 32 F.Supp. 308 (E.D.Wis.1940); Twin Ports Oil Co. v. Pure Oil Co., 26 F.Supp. 366 (D.Minn. 1939), affirmed 119 F.2d 747 (8th Cir., 1941), cert. denied 314 U.S. 644, 62 S.Ct. 84, 86 L.Ed. 516 (1941).

■ As for the pleas of *nolo contendere* themselves, it is uniformly held that such pleas cannot be used against the defendants as an admission in any civil suit for the same act. See Twin Ports Oil Co. v. Pure Oil Co., 26 F.Supp. 366, 376 (D.Minn.1939); Caminetti v. Imperial Mutual Life Insurance Co., 59 Cal. App.2d 476, 139 P.2d 681 (1943).

■ This Court is of the opinion that a judgment entered on a plea of guilty is also a consent judgment within the proviso of Section 5(a). The reasons for regarding judgments rendered on pleas of nolo contendere in criminal proceedings as within the proviso are that such judgments are entered before testimony in a trial on the merits is taken, signify capitulation, and therefore constitute "consent judgments". See Barnsdall Refining Corp. v. Birnamwood Oil Co., 32 F.Supp. 308 (E.D.Wis.1940); Twin Ports Oil Co. v. Pure Oil Co., 26 F.Supp. 366 (D.Minn.1939). These characteristics are also typical of guilty pleas in antitrust cases, and consequently it seems that Congress intended both types of pleas to be included within the proviso of Section 5(a). See Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 211 F.Supp. 712 (N.D.Ill.1962); Barnsdall Refining Corp. v. Birnamwood Oil

Co., 32 F.Supp. 308 (E.D.Wis.1940); Twin Ports Oil Co. v. Pure Oil Co., 26 F.Supp. 366 (D.Minn.1939).

Prior to the enactment of Section 5 of the Clayton Act in 1914, private litigants in antitrust actions could not introduce into evidence government-obtained judgments as proof of the facts on which they were based. Buckeye Powder Co. v. E. I. DuPont de Nemours Powder Co., 248 U.S. 55, 39 S.Ct. 38, 63 L.Ed. 123 (1918). Section 5 of the Clayton Act was adopted in response to a recommendation by President Wilson that Congress "agree in giving private individuals * * * the right to found their [antitrust] suits for redress upon the facts and judgments proved and entered in suits by the Government where the Government has * * * sued the combinations complained of and won its suit * * *." 51 Cong.Rec. 1964. Congressional reports and debates on the proposal which ultimately became Section 5 indicate that the primary purpose of Congress in enacting the Section was to alleviate the difficult task of proof for injured private suitors by making available to them all matters previously established by the Government in antitrust actions. See H.R.Rep. No. 627, 63d Cong., 2d Sess. 14; S.Rep. No. 698, 63d Cong., 2d Sess. 45; 51 Cong.Rec. 9270, 9490, 13851. See also Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 567–568, 71 S.Ct. 408, 95 L.Ed. 534 (1951).

■ It is the general rule and the California rule that a judgment in a criminal prosecution may not be received in a civil action to establish the truth of the facts on which it was rendered. See Rednall v. Thompson, 108 Cal.App.2d 662, 239 P.2d 693 (1952); Burbank v. McIntyre, 135 Cal.App. 482, 27 P.2d 400 (1933); Langensand v. Obert, 129 Cal. App. 214, 18 P.2d 725 (1933). However, it is also the general rule and the California rule, here made applicable through Rule 43(a), Fed.R.Civ.P., that where the defendant in a criminal prosecution has

entered a plea of guilty, the record showing such plea is admissible in a civil action as an admission against interest. See Rednall v. Thompson, 108 Cal.App.2d 662, 239 P.2d 693 (1952); Burbank v. McIntyre, 135 Cal.App. 482, 27 P.2d 400 (1933); Langensand v. Obert, 129 Cal. App. 214, 18 P.2d 725 (1933).

 Section 5(a) states a rule of evidence (see Sullivan v. Associated Billposters & Distributors of United States, 2 Cir., 272 F. 323, 328) and only ultimate facts should be pleaded. Although the pleas of guilty entered by defendants in the Philadelphia proceedings may constitute admissions against interest which are admissible into evidence to prove the truth of the matters admitted, these pleas can have only an evidentiary effect, and the allegations referring to them should be stricken from the complaints. The allegations referring to such pleas are certainly not necessary to a short and plain statement of the claim showing that the pleader is entitled to relief, which is all that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires. In fact, such allegations tend to make the complaints unnecessarily prolix.

Nor are the allegations referring to the Government's institution of civil antitrust proceedings against many of the defendants in these actions necessary to a short and plain statement of claims showing that plaintiffs are entitled to relief.

Accordingly, defendants' motions to strike should be granted, and plaintiff's motions to amend for the purpose of including the allegations should be denied.

Any complaint affected by this ruling shall be deemed amended; all allegations to be stricken shall be deemed excised and, where required, paragraphs shall be deemed renumbered. No amended complaints should be filed or served under any circumstances without prior permission of this Court.

With regard to any defendants who have previously answered any complaint from which allegations are stricken, the averments of such answers with respect to any stricken allegations shall be deemed not to have been made and such defendants shall not be required to file amended answers.

The rulings contained in this opinion are not intended to constitute in any way rulings on questions of evidence.

Prevailing counsel are directed to prepare, serve and lodge formal orders in accordance with the views expressed herein, pursuant to Rule 7 of the Rules of this Court. The orders shall include a provision permitting immediate appeals pursuant to 28 U.S.C.A. § 1292(b).