**UNITED STATES of America**

v.

**ENGELHARD–HANOVIA, INC., et al., Defendants.**

**No. 61 CR 1105.**

United States District Court
S. D. New York.

March 11, 1964.

See also, D.C., 204 F.Supp. 407.

Bernard M. Hollander, Attorney, Antitrust Division, U. S. Department of Justice, New York City, for United States.

Cravath, Swaine & Moore, New York City, for defendant Westinghouse Electric Corp.; Townley, Updike, Carter & Rodgers, New York City, of counsel.

CASHIN, District Judge.

This is an application by defendant Westinghouse Electric Corporation for leave to withdraw its plea of not guilty and to enter a plea of *nolo contendere* pursuant to Rule 11 of the Federal Rules of Criminal Procedure.[1]

The indictment in this case alleges that Westinghouse and the other named defendants conspired to restrain trade in the sale and distribution of brazing alloys in violation of Section 1 of the Sherman Act. The violation alleged is a conspiracy to fix resale prices of brazing alloys, to require distributors to adhere to such prices, and to boycott and refuse to supply brazing alloys to distributors who refused to adhere to the agreed upon resale prices.

The defendant Westinghouse has heretofore made a similar application to plead *nolo contendere*, but that motion was, in the exercise of my discretion, denied on November 21, 1963. Subsequently, the defendant Westinghouse went to trial. Trial commenced on November 26, 1963 and was concluded on December 6, 1963. The issue was submitted to the jury but, after lengthy deliberations, the jury reported that it was unable to reach a verdict.[2]

---

1. Rule 11 provides: "A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* * * *"

2. The jury retired to start its deliberations on December 5 at 3:35 PM (Transcript p. 689a). At 10:05 PM the Court received the following note:—"Your Honor, we have had three votes. The first at 4.00 p. m., was 7-to-5. The second at 8.00 P.M., was 4-to-8. The third at 10.00 p. m. was 4-to-8. We feel that we have reached an impasse. Do you want us to continue?" (Transcript p. 704).

The court thereafter gave the jury the supplemental instruction often labeled the "Allen Charge" (Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896)), Transcript p. 706; and reread large portions of its main charge at the request of the jurors. On December 6, 12:30 AM, the following transpired:

THE COURT: "Lady and gentlemen of the jury: I will now read the last note I received from you:

"Your Honor, we voted at 11.25. The vote was the same as before, 4-to-8. We discussed the case amongst ourselves and voted at 12.25. The vote was still 4-to-8. We are unable to reach any consensus."

"By that I take it you can't arrive at a verdict. Is that right?

"THE FOREMAN: That's right, your Honor.

"JUROR No. 3: I think so.

"THE FOREMAN: And that is the way we feel, sir.

"JUROR No. 5: Yes, sir.

"THE COURT: There is only one thing to do. I declare a mistrial in this case." (Transcript p. 738).

The indictment, which was filed on December 5th, 1961, charges a conspiracy beginning in 1955, and alleges that in 1959 and 1960 representatives of Westinghouse, Handy & Harman, and United Wire held meetings at which they agreed to new schedules of uniform resale prices for brazing alloys, and at which they agreed to eliminate from the brazing alloys industry certain distributors who refused to adhere to the established resale prices. It was Westinghouse's contention that its representatives merely discussed with competitors general market conditions in the brazing alloy industry, with particular reference to "price inequities", but that Westinghouse representatives never agreed to fix resale prices of brazing alloys.

By pleading *nolo contendere*, however, Westinghouse takes as settled the question of its responsibility for the acts done as charged in the indictment. A plea of *nolo contendere* is essentially tantamount to a plea of guilty for the purposes of this case. In a case of this kind the only significant difference between the two pleas is that a plea of guilty or a verdict of guilty would constitute *prima facie* evidence against the defendant in a private treble damage action under the antitrust laws,[3] whereas a plea of *nolo contendere* has been held to be excepted from the *prima facie* effect of the statute.[4] The granting of this application does not affect the power of the court to impose sentence upon Westinghouse to the same extent as if Westinghouse had pleaded guilty or been found guilty by verdict.

After having considered the relevant and pertinent facts which were submitted during the trial of this case, I am satisfied that, in the exercise of my discretion, the application should be granted. Even from the allegations of the indictment, the participation of Westinghouse in this conspiracy was of much shorter duration and significantly less than that of the other defendants. Further, of the industry gross sales, Westinghouse accounted for approximately 3%, whereas Handy & Harman had 48%, Engelhard Industries 21%, and United Wire 20%. Moreover, as regards the defendant Westinghouse, the refusal of a *nolo contendere* plea does not appear to be required in order to protect treble damage claimants or to serve the public interest.

The application by defendant Westinghouse for leave to withdraw its plea of not guilty and to enter a plea of *nolo contendere* is granted in the exercise of my discretion.

The time for acceptance of the plea of *nolo contendere* is set down for March 16, 1964 at 10:00 AM in Room 706 of the United States Courthouse, New York, N. Y.

It is so ordered.

---

3. 15 U.S.C. § 16(a) provides as follows: "A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws or by the United States under section 15a of this title, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: *Provided,* That this section shall not apply to consent judgments or decrees entered before any testimony has been taken or to judgments or decrees entered in actions under section 15a of this title."

4. Department of Water and Power of City of Los Angeles v. Allis-Chalmers Mfg. Co., 32 F.R.D. 204 (SD Cal.1963); United States v. Standard Ultramarine and Color Co., 137 F.Supp. 167 (SDNY 1955); Barnsdall Refining Corp. v. Birnamwood Oil Co., 32 F.Supp. 308 (E.D.Wisc.1940).